Justice SCALIA, concurring.
Like Justice THOMAS, I believe Georgia v. Randolph, 547 U.S. 103, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), was wrongly decided. I nonetheless join *308 the Court's opinion because it is a faithful application of Randolph . I write separately to address the argument that the search of petitioner's shared apartment violated the Fourth Amendment because he had a right under property law to exclude the police. See Brief for National Association of Criminal Defense Lawyers as Amicus Curiae 17-23. The United States dismisses that argument, pointing to our statement in United States v. Matlock, 415 U.S. 164, 171, n. 7, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), that a cotenant's ability to consent to a search "does not rest upon the law of property, with its attendant historical and legal refinements." See Brief for United States as Amicus Curiae 23.
I do not think the argument can be so easily dismissed. To be sure, under Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), "property rights 'are not the sole measure of Fourth Amendment violations.' " Florida v. Jardines, 569 U.S. 1, ----, 133 S.Ct. 1409, 1414, 185 L.Ed.2d 495 (2013). But as we have recently made clear, "[t]he Katz reasonable-expectations test 'has been added to, not substituted for, ' the traditional property-based understanding of the Fourth Amendment." Id., at ----, 133 S.Ct., at 1417 (quoting United States v. Jones, 565 U.S. ----, ----, 132 S.Ct. 945, 952, 181 L.Ed.2d 911 (2012)). I would *1138 therefore find this a more difficult case if it were established that property law did not give petitioner's cotenant the right to admit visitors over petitioner's objection. That difficulty does not arise, however, because the authorities cited by the amicus association fail to establish that a guest would commit a trespass if one of two joint tenants invited the guest to enter and the other tenant forbade the guest to do so. Indeed, what limited authority there is on the subject points to the opposite conclusion. See, e.g., 86 C.J.S., Tenancy in Common § 144, p. 354 (2006) (a licensee of one tenant "is not liable in trespass to nonconsenting cotenants"); Dinsmore v. Renfroe, 66 Cal.App. 207, 212-214, 225 P. 886, 888-889 (1924) ; Buchanan v. Jencks, 38 R.I. 443, 446-451, 96 A. 307, 309-311 (1916) (and cases cited therein); cf. 2 H. Tiffany, Real Property § 457, *309 p. 274 (3d ed. 1939) (endorsing the opposite view but acknowledging that "there is little authority" on the question). There accordingly is no basis for us to conclude that the police infringed on any property right of petitioner's when they entered the premises with his cotenant's consent.